UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
)
) NOTICE OF MOTION FOR RELIEF
) FROM (Check **ALL** that apply):
) AUTOMATIC STAY IN A **CHAPTER 7/13** CASE
Debtor(s) ) CHAPTER **13** CODEBTOR STAY

I. YOU ARE NOTIFIED a motion was filed on behalf of _____, the moving party, for (Check **ALL** that apply):

    Relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 USC §362.

    Relief from the stay protecting the **CODEBTOR**, whose name and service address are: _____
_____,
and **CODEBTOR's** property as provided by 11 USC §1301.

II. A COPY of the motion is ATTACHED. The name and service address of the moving party's attorney (or moving party, if no attorney) are:_____
_____

III. IF you WISH TO RESIST the motion, YOU MUST, WITHIN 14 DAYS OF THE SERVICE DATE SHOWN BELOW, FILE WITH the Clerk of the U.S. Bankruptcy Court BOTH of the following [NOTE: If you mail the Response to the court for filing, you MUST MAIL it at least 3 days before the filing deadline, unless you use an overnight delivery service, so that it will actually be RECEIVED at the court on time]:

  A. A written response which states the facts upon which relief from the automatic stay is resisted, by filling in the applicable "RESPONSE" portions on a copy of the ORIGINAL Motion [NOTE: If the Response will be electronically filed, the RESPONSE MUST BE PREPARED USING the "FILLABLE" PDF version of the ORIGINAL Motion unless BOTH the Motion was filed on paper AND it could NOT be otherwise electronically obtained from the movant];

AND B. A FULLY COMPLETED NOTICE OF HEARING using Local Form #721, INCLUDING the DATE and TIME of the hearing which must be CALCULATED as follows:

    1. Determine whether the case is a **PORTLAND** office case (i.e., the 5-digit portion of the Case No. begins with a "3" or "4"), OR if it is a **EUGENE** office case (i.e., the 5-digit portion of the Case No. begins with a "6" or "7").

    2. Hearings for both offices will be "Meet Me" style telephone hearings which must be set on the FIRST available Motion for Relief hearing date AND time for the correct office (see pt. 3 below) which is AT LEAST SIX (6) calendar days after the Response is filed (i.e., RECEIVED) at the court. For example, if your Response will be filed on Wednesday the 9th, and the next available hearing dates are the 15th & 22nd, your hearing will be on the 15th.

    3. HEARING DATES and TIMES for the CORRECT OFFICE must only be obtained via either the "Calendars/Scheduling" button on the Internet at www.orb.uscourts.gov OR a recorded phone message (i.e., if a **PORTLAND** case call (503)326-1530, OR if a **EUGENE** case call (541)431-4038).

IV. FAILURE to Respond OR serve proper Notice of Hearing. If you fail to file EITHER a timely response OR proper Notice of Hearing, then either:

  A. The automatic stay will expire as to the debtor(s) pursuant to 11 USC §362(e) 30 days after the motion was originally filed, and/or the stay protecting the CODEBTOR will automatically expire by operation of law 20 days after the date the motion was originally filed;

OR B. The court may sign an ex parte order, submitted by the moving party on Local Form #720.90, granting relief from the debtor stay and/or codebtor stay.

                                         Clerk, U.S. Bankruptcy Court
[NOTE: If the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave. #700, Portland OR 97204; OR if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401.]

    I certify that BOTH: (1) The Motion was prepared using the Court's "Fillable" PDF version of Local Form #720.80; **AND** (2) that on _____ I served copies of: (a) this Notice, (b) Local Form #721 (if the party is not an ECF participant), AND (c) the Motion on the Debtor(s), any codebtor at the address listed above, Trustee, U.S. Trustee, members of any committee elected pursuant to 11 U.S.C. §705, and their respective attorneys.

_____
Signature of Moving Party or Attorney        **(OSB#)**

720 (12/18/06)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                           )   Case No._____
                                                )
                                                )   (CHECK ALL APPLICABLE BOXES)
                                                )      Ch. 7/13 Motion for Relief from
                                                )         DEBTOR     Chapter **13** CODEBTOR Stay
                                                )      Filed by Creditor:
                                                )   _____
                                                )   *Response to Stay Motion filed by Respondent:*
Debtor(s)                                       )   _____

1. **Debt, Default, Other Encumbrances, Description and Value of Collateral** *(To be completed by creditor)*

    a. Description of collateral (car model, year, VIN, property address):

    b. Amount of debt: $_____ consisting of principal: $_____; interest: $_____; other:

    c. Description, amount and priority of other encumbrances on collateral. If not known, include applicable information from debtor's schedules if available on PACER:

       Total debt secured by collateral (total 1.b. + 1.c.): $_____.

    d. Value of collateral: $_____.
       Equity in collateral: $_____, after deducting $_____ liquidation costs.

    e. Current monthly payment: $_____.

    f. If Chapter 13:

       (1) $_____ postpetition default consisting of (e.g., $____ payments, $____ late charges, $____ fees):

       (2) $_____ prepetition default consisting of     amounts specified in proof of claim, or,    consisting of:

    g. If Chapter 7, total amount of default $_____.

**RESPONSE** *(Identify specific items disputed and specify what you contend are the pertinent facts including why there is a postpetition default, if applicable) (to be completed by respondent):*

2. **Relief from stay should be granted because (check all that apply):** *(To be completed by creditor)*
    Lack of adequate protection because of failure to make sufficient adequate protection payments and lack of a sufficient equity cushion.
    Lack of insurance on collateral.
    No equity in the collateral and the property is not necessary for an effective reorganization.
    Failure of debtor to make Chapter 13 plan payments.
    Failure of debtor to make payments to secured creditor required by ¶4 of Chapter 13 plan.
    Other (describe):

*RESPONSE (Specify why relief from stay should be denied. If respondent proposes to cure a postpetition default, detail the cure by attaching a proposed order using Local Form (LBF) #720.90 available at www.orb.uscourts.gov under Rules & Forms/Local Bankruptcy Forms (LBF)) (to be completed by respondent):*

3. **Background** *(To be completed by creditor)*

    a. Date petition filed: _____    Current Chapter: \_\_\_\_ (7 or 13)
        If 13, current plan date _____    Confirmed:    Yes    No
        If 13, treatment of creditor's prepetition claim(s) in plan:

        If 7, debtor   has   has not stated on Local Form (LBF) #521 or #521.05 that debtor intends to surrender the collateral.

    b. Creditor has a lien on the collateral by virtue of (check all applicable sections and also see ¶6 below):
        Security agreement, trust deed or land sale contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected as required by applicable law on _____.
        Retail installment contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected on the certificate of title on _____.
        Other (describe):

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

4. **Request for Relief from Codebtor Stay** (Only Chapter **13**)

    a. _____, whose address is _____
        _____, is a codebtor on the obligation described above, but is not a debtor in this bankruptcy.

    b. Creditor should be granted relief from the codebtor stay because (check all applicable boxes):    codebtor received the consideration for the claim held by creditor,    debtor's plan does not propose to pay creditor's claim in full,    creditor's interest would be irreparably harmed by continuation of the codebtor stay as a result of the default(s) described above and/or    because:

*RESPONSE* *(Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

5. **Other Pertinent Information** *(To be completed by creditor, if applicable)*

    Creditor's claim is secured by real property and debtor's filing of this petition was part of a scheme to delay, hinder, and defraud creditors that involved either (a) transfer of all or part ownership of, or other interest in, the real property without creditor's consent or court approval, or, (b) multiple bankruptcy filings affecting the real property.  The following facts support this assertion:

    Other pertinent information:

*RESPONSE* *(Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

6. **Relief Requested (check all applicable sections):** *(To be completed by creditor)*

    Creditor requests relief from the automatic stay to allow it to foreclose its lien on the above identified collateral, and, if necessary, to take appropriate action to obtain possession of the collateral.

    Creditor has a security interest in real property and requests relief from stay with respect to an act against such property and that the relief be binding in any other bankruptcy case purporting to affect such real property filed not later than 2 years after the date of the entry of an order granting this motion.

    Creditor requests that the 14-day stay provided by FRBP 4001(a)(3) be waived based on the following cause:

    Other (describe and explain cause):

*RESPONSE* *(Identify any disputed items and specify the pertinent facts.  If respondent agrees to some relief, attach a proposed order using Local Form (LBF) #720.90 available at www.orb.uscourts.gov under Rules  & Forms/Local Bankruptcy Forms (LBF)) (to be completed by respondent):*

7. **Documents:**

   **If creditor claims to be secured in ¶3.b. above** creditor's counsel has served on all parties listed in the notice, but not filed with the court (i.e., such documents will not be filed), a copy of the documents creating and perfecting the security interest. If respondent disputes the creation and/or perfection of the claimed lien(s), respondent has filed with the response all the documents creditor's counsel served.

**RESPONDENT requests creditor provide** Respondent with the following document(s), if any marked, which are pertinent to this response:
   Postpetition payment history.
   Documents establishing that creditor owns the debt described in ¶1 or is otherwise a proper party to bring this motion.
   Other document(s) (specific description)

CREDITOR/ATTORNEY

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

RESPONDENT **DEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

RESPONDENT **CODEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

*YOU ARE HEREBY NOTIFIED THAT THE CREDITOR IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.*

## **EXHIBIT A**

Debtor hereby collaterally assigns to Secured Party all of its right, title and interest in and to, and grants Secured Party a first priority lien upon and security interest in, all of the assets of Debtor, including without limitation the following, wherever located, whether now owned or in existence or hereafter acquired or arising, together with all substitutions, replacements, improvements, accessions or appurtenances thereto, and proceeds (including, without limitation, insurance proceeds) thereof:

All Goods;
Accounts including, without limitation, Receivables;
Cash;
Chattel Paper (whether tangible or electronic);
Commercial Tort Claims;
Contract Rights or Rights to payment of money;
Deposit Accounts;
Documents;
Equipment;
Fixtures;
Franchise Agreements;
General Intangibles;
Instruments (including any promissory notes);
Inventory;
Investment Property;
Leases;
Letters of Credit Rights (whether or not the letter of credit is evidenced by a writing);
License Agreements;
Promissory Notes;
Securities;
Supporting Obligations and Financial Assets, whether now owned or hereafter acquired, wherever located;
All Books and Records pertaining to the foregoing; any other personal property, whether tangible or intangible, now owned or existing or hereafter acquired by Debtor or arising in favor of Debtor; and any and all claims, rights and interests in any of the above and all substitutions for, additions, attachments, accessories, accessions and improvements to and replacements, products, proceeds and insurance proceeds of any or all of the foregoing.

006453\00005\736835 V001